1  Karin P. Beam, Esq. (Bar No. 112331)
   SPAULDING, McCULLOUGH & TANSIL LLP
2  90 South E Street, Suite 200
   Santa Rosa, CA  95404
3  Telephone: (707) 524-1900
   E-Mail:  Beam@smlaw.com
4
5  Robert W. Payne, Esq. (Bar No. 73901)
   PAYNE IP LAW
6  111 N. Market Street, Suite 300
   San Jose, CA   95113
7  Telephone: (408) 981-4293
   E-Mail:  payne@bobpayne.com
8
9  Attorneys for Plaintiff
   TWiT, LLC and LEO LAPORTE
10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14  TWiT, LLC, a Delaware limited liability        )   NO.
    company, LEO LAPORTE,                          )
15                                                 )   COMPLAINT FOR BREACH OF
                                                   )   WRITTEN CONTRACT, BREACH OF
16          Plaintiffs,                            )   ORAL AGREEMENT, BREACH OF
                                                   )   IMPLIED CONTRACT, PROMISSORY
17      vs.                                        )   ESTOPPEL, FALSE PROMISE,
                                                   )   NEGLIGENT MISREPRESENTATION,
18  TWITTER, INC., a Delaware corporation,         )   INTENTIONAL INTERFERENCE
                                                   )   WITH PROSPECTIVE ECONOMIC
19          Defendants.                            )   ADVANTAGE, INTENTIONAL
                                                   )   MISREPRESENTATION,
20                                                 )   NEGLIGENT INTERFERENCE WITH
                                                   )   PROSPECTIVE ECONOMIC
21                                                 )   ADVANTAGE, TRADEMARK
                                                   )   INFRINGEMENT, UNFAIR
22                                                 )   COMPETITION, AND VIOLATION OF
                                                   )   COMMON LAW TRADEMARK
23                                                 )   RIGHTS
                                                   )
24                                                 )
                                                   )   DEMAND FOR JURY TRIAL
25                                                 )
26
27
28

1  Plaintiffs TWiT, LLC and Leo Laporte allege:

2                   **JURISDICTION AND VENUE**

3      1.      This action is brought under the United States Trademark Act of 1946, as amended, 15

4  U.S.C. §§1051 et seq. (the "Lanham Act"), and the statutory and common laws of the State of

5  California.  This Court has jurisdiction of the action under 15 U.S.C. §1121 and 28 U.S.C. §§1331,

6  1332 and 1338.  This Court also has supplemental jurisdiction under 28 U.S.C. §1367 over the

7  subject matter of Plaintiffs' state law claims because those claims are so related to Plaintiffs' federal

8  claims as to form part of the same case or controversy under Article III of the United States

9  Constitution.

10      2.      This Court has personal jurisdiction over defendant Twitter, Inc. ("Twitter") because

11  Twitter has commercial activities in California that are substantial, continuous and systematic, thus

12  subjecting it to general personal jurisdiction in the State of California, including, without limitation,

13  in the Northern District of California.

14      3.      Under 28 U.S.C. §1391(b)(2), venue is proper in the United States District Court for

15  the Northern District of California because (1) defendant Twitter is a corporation that is deemed to

16  reside in the judicial district where it is subject to personal jurisdiction at the time this action is

17  commenced, and (2) a substantial part of the events, acts and omissions giving rise to the claims

18  occurred in the Northern District of California.

19                      **THE PARTIES**

20      4.      Plaintiff TWiT, LLC ("TWiT") is a limited liability company existing under the laws

21  of Delaware, with its principal place of business in Petaluma, California.

22      5.      Plaintiff LEO LAPORTE is an individual residing in the County of Sonoma,

23  California ("Laporte").

24      6.      Upon information and belief, Defendant TWITTER is a Delaware corporation, whose

25  principal place of business is in San Francisco, California.

26               **BACKGROUND ALLEGATIONS**

27      7.      Since 2005, plaintiff TWiT has been in the business of distributing audio and video

28  content over the internet in the form of hosted programs covering a broad range of topics.  Although

COMPLAINT FOR BREACH OF WRITTEN CONTRACT, BREACH OF ORAL AGREEMENT, BREACH OF
IMPLIED CONTRACT, PROMISSORY ESTOPPEL, etc.; DEMAND FOR JURY TRIAL

most programs are targeted to technology topics, some cover such diverse topics as food, music and the law.  The programs are distributed to the public by TWiT via downloading or streaming from the internet ("netcasts").  Mr. Laporte is the creator and host of some of the shows distributed by TWiT.

8.     All of TWiT's netcasts are available as either video or audio shows.  In addition to the distribution of live content, TWiT's website retains archived shows dating back numerous years, all available for download and consumption by the general public on a worldwide basis.

9.     For more than 12 years, all TWiT audio and video content has been provided under the TWIT trademark.  Plaintiff Leo Laporte is the owner of the TWIT trademark, and plaintiff TWiT is the exclusive licensee of the mark.

10.    The TWIT mark is registered on the U. S. Principal Register for use in connection with entertainment in the nature of visual and audio performances, and musical, variety, news and comedy shows (Registration No. 3,217,759).  The application to register was filed on May 15, 2006, and the Registration issued on March 13, 2007.  A true and correct copy of the federal Registration is attached to this Complaint as Exhibit A.  This Registration encompasses use of the registered mark in connection with the distribution of video and audio content over the internet by either streaming or download.

11.    Plaintiffs have extensively advertised and promoted the TWIT mark, and invested substantial time, energy and resources to develop substantial consumer recognition of the mark. Since 2005, the TWIT mark has been used extensively and continuously.  Consumers of the TWiT shows, as well as businesses that advertise on or in connection with the TWiT programs, are found throughout the United States and the world.  The TWIT mark is a strong, distinctive mark, in which substantial goodwill has developed to the benefit of plaintiffs Laporte and TWiT.

12.    On March 6, 2007, Evan Williams ("Williams"), one of the co-founders of defendant Twitter, appeared on plaintiff TWiT's "net@night" program. Laporte was a co-host of the show. Williams had previously been a guest on TWiT's shows. Returning to TWiT was an ideal way for Williams to promote his new company, Twitter.

13.    On the show, Williams confirmed that Twitter was a text-based microblogging service.  Williams also acknowledged that Twitter was aware of the conflict between their TWITTER

COMPLAINT FOR BREACH OF WRITTEN CONTRACT, BREACH OF ORAL AGREEMENT, BREACH OF
IMPLIED CONTRACT, PROMISSORY ESTOPPEL, etc.; DEMAND FOR JURY TRIAL

1    brand and Plaintiffs' TWiT mark when they adopted TWITTER as their mark.  At that time

2    Williams, on behalf of Twitter, acknowledged the confusion which likely would arise from the use of

3    TWITTER in the marketplace, as well as instances of actual confusion which already had arisen.

4         14.    In response to the issue, Williams and Laporte, on behalf of Twitter and TWiT,

5    recognized and agreed to a basis for coexistence of the two marks, conditioned on each company

6    continuing its own unique distribution platform.  Twitter's platform enabled its users to communicate

7    in short, 140 character bursts, which was novel at that time.  It was wholly distinct from TWiT's

8    distribution of audio and video content on the internet by streaming and download.  This coexistence

9    agreement was honored by both TWiT and Twitter for years.

10        15.    In 2009, news stories were published which indicated that Twitter was planning to

11   expand its services to distribute video content under the TWITTER brand, contrary to the coexistence

12   agreement.  These reports created great concern for TWiT and Laporte.  This potential business

13   model expansion by Twitter would have a significant impact on TWiT's business, and would create

14   confusion among consumers and advertisers.

15        16.    On June 4, 2009, Laporte sent correspondence to Williams (who had moved into the

16   role of Twitter's CEO), to express his concern about Twitter's expansion beyond microblogging and

17   into audio/video streaming services.  A true and correct copy of Laporte's correspondence is attached

18   as Exhibit B to this Complaint ("Laporte's Letter") and incorporated herein by reference.

19        17.    In an email dated June 5, 2009, Williams confirmed that he had received Laporte's

20   Letter.  Consistent with the coexistence agreement, he advised Laporte that the news reports were not

21   accurate, and promised: "Don't worry: We're not expanding to audio or video under the Twitter

22   brand."  A true and correct copy of Williams' email is attached as Exhibit C to this Complaint and

23   incorporated herein by reference. ("Williams' Email").

24        18.    In reliance on this renewed promise and representation by Twitter regarding

25   coexistence in separate business models, Laporte and TWiT continued forward with the use of the

26   TWIT mark, and did not take steps otherwise available to protect its rights.

27

28

COMPLAINT FOR BREACH OF WRITTEN CONTRACT, BREACH OF ORAL AGREEMENT, BREACH OF
IMPLIED CONTRACT, PROMISSORY ESTOPPEL, etc.; DEMAND FOR JURY TRIAL

19.     In or about May 2017, TWiT and Laporte became aware of Twitter's current plans to expand its use of the TWITTER mark in connection with the streaming and downloading of video content over the internet.

20.     Twitter's use of the TWITTER mark in connection with these new products and services is a breach of its promise to and agreement with TWiT and Laporte, and creates a likelihood of confusion with the TWIT mark.  Plaintiffs' TWIT mark has priority over this use.

21.     On or about July 11, 2017, Plaintiffs' attorney sent correspondence to Twitter demanding  that it cease its plans to expand use of the TWITTER mark.

22.     Since that time, the parties have engaged in communications with the goal of informally resolving this dispute.  These efforts have not resolved the dispute, and Twitter continues its expansion into TWiT's business in breach of its agreement with Plaintiffs, refuting its representations and promises made, and infringing on Plaintiffs' intellectual property rights, all to Plaintiffs' injury.

COUNT I

(Breach of Written Contract)

23.     Plaintiffs adopt and incorporate by reference the allegations contained in Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24.     Laporte's Letter and Williams' Email define and confirm the essential terms of a written contract between and among the parties by which Twitter agreed not to distribute audio and video content under the TWITTER brand.

25.     Consideration for this written contract includes, without limitation, the mutual promises and covenants by Plaintiffs and Twitter not to expand their respective goods and services into the goods and services of the other party, as well as TWiT's decision to refrain from enforcing its rights through legal means.

26.     Plaintiffs have performed, or have substantially performed, all of their respective obligations under the contract, or are excused from performing such obligations.

27.     In or about May 2017, Plaintiffs became aware of Twitter's intent to expand its use of the TWITTER mark via a distribution channel dedicated to the streaming and downloading of video

content over the internet.  Plaintiffs are informed and believe, and based thereon allege that Twitter continues its efforts to expand its use of its mark to include providing audio and video content under the TWITTER brand.  By the foregoing, Twitter has materially breached the agreement between the parties.

28.     The foreseeable and proximate result of said breach has been damages to Plaintiffs in an amount according to proof, but in excess of jurisdictional limits of this Court.

29.     Defendant's expanded use of the TWITTER trademark has caused and will continue to cause irreparable and continuing harm to Plaintiffs if not enjoined, for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

<u>COUNT II</u>

(Breach of Oral Agreement)

30.     Plaintiffs adopt and incorporate by reference the allegations contained in Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31.     During their discussion on March 6, 2007, Williams and Laporte agreed to a coexistence arrangement where, despite and because of the proximity of their respective marks, Twitter would not distribute video or audio content and TWiT would not be a microblogging service.

32.     The terms of this oral agreement were confirmed by Laporte's Letter and Williams' Email.

33.     TWiT and Laporte have performed, or have substantially performed, all of their obligations under the oral agreement, or are excused from performing such obligations.

34.     In or about May 2017, Plaintiffs became aware of Twitter's intent to expand its use of the TWITTER mark in connection with a distribution channel for the streaming and downloading of video content over the internet.  Plaintiffs are informed and believe, and based thereon allege that Twitter continues its effort to expand into providing audio and video content under the TWITTER brand.  By the foregoing, Twitter has materially breached the agreement made between the parties.

35.     The foreseeable and proximate result of Twitter's breach has been damages to Plaintiffs in an amount according to proof but in excess of the jurisdictional limits of this Court.

1      36.    Twitter's expanded use of its confusingly similar trademark has caused and will

2 continue to cause irreparable and continuing harm to Plaintiffs if not enjoined, for which Plaintiffs

3 have no adequate remedy at law.

4      WHEREFORE, Plaintiff prays for judgment as set forth below.

5 <u>COUNT III</u>

6 (Breach of Implied Contract)

7      37.    Plaintiffs adopt and incorporate by reference the allegations contained in Paragraphs 1

8 through 36 of this Complaint as though fully set forth herein.

9      38.    Laporte's Letter and Williams' Email, together with the conduct of Twitter, are the

10 bases of an implied contract between the parties from 2007 to the present, whereby Twitter undertook

11 an obligation to refrain from streaming audio and video under the TWITTER brand.  Twitter's

12 conduct demonstrates and confirms an implied contract made with Plaintiffs.

13      39.    Plaintiffs have performed, or substantially performed, all of their obligations under the

14 implied contract, or are excused from performing such obligations.

15      40.    In or about May 2017, Plaintiffs became aware of Twitter's intent to expand its use of

16 the TWITTER mark in connection with the streaming and download of video content over the

17 internet.  Any such conduct would be, and is, in breach of the implied contract made with Plaintiffs.

18 Plaintiffs are informed and believe, and based thereon allege, that Twitter is continuing its effort to

19 expand its offerings and services to include audio and video content under the TWITTER brand.  By

20 the foregoing, Twitter has materially breached the agreement made between and among the parties.

21      41.    As a foreseeable and proximate result of said breach, Plaintiffs have been damaged in

22 an amount according to proof but in excess of the jurisdictional limits of this Court.  Plaintiff will

23 seek leave to amend this Complaint when the same has been ascertained.

24      42.    Twitter's expanded use of its trademark has caused and will continue to cause

25 irreparable and continuing harm to Plaintiffs if it is not enjoined, as Plaintiffs have no adequate

26 remedy at law.

27      WHEREFORE, Plaintiffs pray for judgment as set forth below.

28

COMPLAINT FOR BREACH OF WRITTEN CONTRACT, BREACH OF ORAL AGREEMENT, BREACH OF
IMPLIED CONTRACT, PROMISSORY ESTOPPEL, etc.; DEMAND FOR JURY TRIAL

COUNT IV

(Promissory Estoppel)

43.     Plaintiffs adopt and incorporate by reference the allegations contained in Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44.     On multiple occasions, Twitter, by both express assertions and through its conduct, promised that it would forebear from providing a means for the general public to stream or download video and audio content over the internet.

45.     Plaintiffs reasonably relied on Twitter's promises and Twitter's conduct to their injury and detriment, in that Plaintiffs did not bring an action for infringement of their rights in either 2007 or 2009, and by their continuing investment in TWiT's business under the TWIT mark.

46.     Twitter knew or should have known that Plaintiffs would rely on its promises made and its conduct, and that these promises and actions would induce Plaintiffs to forego bringing an action for infringement of their rights, and to continue to invest in business under the TWIT mark.

47.     Twitter has reneged on its promises and is modifying its conduct so as to violate the coexistence agreement and breach the promises it made to Plaintiffs, both expressly and by its conduct.

48.     The foreseeable and proximate result of Twitter's wrongful conduct has been damages to Plaintiff in an amount according to proof but in excess of the jurisdictional limits of this Court.

49.     The above-described wrongful acts of Twitter caused and are continuing to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.  Defendants will continue to cause damage to plaintiffs unless enjoined by the Court.  Injustice and further damages can be avoided only if the foregoing promises are enforced.

WHEREFORE, Plaintiff prays for judgment as set forth below.

COUNT V

(False Promise)

50.     Plaintiffs adopt and incorporate by reference the allegations contained in Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

COMPLAINT FOR BREACH OF WRITTEN CONTRACT, BREACH OF ORAL AGREEMENT, BREACH OF IMPLIED CONTRACT, PROMISSORY ESTOPPEL, etc.; DEMAND FOR JURY TRIAL

51.     In both 2007 and 2009, Twitter made promises to Plaintiffs that were material to Plaintiffs.

52.     On information and belief, Twitter did not intend to perform or abide by the promises it made.

53.     Twitter intended that Plaintiffs would rely on the promises it made, and Plaintiffs reasonably relied upon the promises.

54.     Defendant's failures to perform and keep its promises were substantial factors in causing harm to Plaintiffs by its use of the TWITTER mark in connection with streaming and download of video content over the internet.

55.     The above-described acts of Defendant caused and are continuing to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.  Defendant will continue to act wrongfully, in violation of its promises, unless enjoined by the Court.

56.     The conduct of Defendant and those acting in concert with it has been willful, malicious, oppressive, and fraudulent, and was done with a conscious disregard for Plaintiffs' rights, with the design and intent of injuring Plaintiffs. Plaintiffs are therefore entitled to an award of exemplary damages from Defendant in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT VI

### (Negligent Misrepresentation)

57.     Plaintiffs adopt and incorporate by reference the allegations contained in Paragraphs 1 through 56 of this Complaint as though fully set forth herein.

58.     On multiple occasions and by its continuing conduct in accord, Defendant represented to Plaintiffs that it would not use its TWITTER mark in connection with the streaming and download of video and audio content over the internet.

59.     The foregoing representations were not true, and Defendant had no reasonable grounds for believing the representations were true when they were made.

60.     Defendant intended that Plaintiffs would rely on its representations, and Plaintiffs reasonably relied upon them.

1      61.    Defendant's misrepresentations were a substantial factor in causing Plaintiffs harm.
Based on the representations and subsequent affirming conduct, Plaintiffs expended significant time,
energy, and financial investments into their business. Twitter's recent expanded use of the
TWITTER mark in connection with streaming and download of video content over the internet has
caused Plaintiffs substantial harm.

62.    Defendant's wrongful conduct caused and is continuing to cause irreparable injury to
Plaintiffs, for which Plaintiffs have no adequate remedy at law. Defendant will continue to cause
injury to Plaintiffs unless it is enjoined by the Court.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

<u>COUNT VII</u>

(Intentional Interference With Prospective Economic Advantage)

63.    Plaintiffs adopt and incorporate by reference the allegations contained in Paragraphs 1
through 62 of this Complaint as though fully set forth herein.

64.    Since establishing its business and commencing distribution of video and audio
content in 2005, Plaintiffs have gained and maintained valuable economic relationships with both
consumers of its content and businesses who advertise on, or in connection with, Plaintiffs' programs.

65.    Twitter was, or reasonably should have been, aware of these economic relationships.

66.    By intentionally expanding its platform to include distribution of video content,
Twitter has intentionally disrupted Plaintiffs' relationships with both consumers and advertisers alike.

67.    The foreseeable and proximate result of Twitter's conduct has been damages to
Plaintiff in an amount according to proof but in excess of the jurisdictional of this Court.

68.    Twitter's expanded use of the TWITTER trademark has caused, and will continue to
cause irreparable and continuing harm to Plaintiffs if not enjoined, for which Plaintiffs have no
adequate remedy at law.

///

///

///

///

10

69.     The conduct of Defendant and those acting in concert with it has been willful, malicious, oppressive, and fraudulent, and was done with a conscious disregard for Plaintiffs' rights, with the design and intent of injuring Plaintiffs. Plaintiffs are therefore entitled to an award of exemplary damages from Defendant in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

<u>COUNT VIII</u>

(Intentional Misrepresentation)

70.     Plaintiffs adopt and incorporate by reference the allegations contained in Paragraphs 1 through 69 of this Complaint as though fully set forth herein.

71.     On multiple occasions, and by its continuing conduct in accord, Defendant represented to Plaintiffs that it would not use its TWITTER mark in connection with the streaming and download of video and audio content over the internet.

72.     The foregoing representations were not true, and on information and belief, Defendant knew it had no reasonable grounds for believing the representations were true when they were made.

73.     Defendant intended that Plaintiffs would rely on its representations, and Plaintiffs reasonably relied upon them.

74.     Defendant's misrepresentations were a substantial factor in causing Plaintiffs harm. Based on the representations and subsequent affirming conduct, Plaintiffs expended significant time, energy, and financial investments in their business.  Twitter's expanded use of the TWITTER mark in connection with streaming and download of video content over the internet has caused Plaintiffs substantial harm.

75.     Defendant's wrongful conduct caused and is continuing to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.  Defendant will continue to cause injury to Plaintiffs unless it is enjoined by the Court.

///

///

///

///

COMPLAINT FOR BREACH OF WRITTEN CONTRACT, BREACH OF ORAL AGREEMENT, BREACH OF IMPLIED CONTRACT, PROMISSORY ESTOPPEL, etc.; DEMAND FOR JURY TRIAL

1   76.    The conduct of Defendant and those acting in concert with has been willful, malicious,

2   oppressive, and fraudulent, and was done with a conscious disregard for Plaintiffs' rights, with the

3   design and intent of injuring Plaintiffs. Plaintiffs are therefore entitled to an award of exemplary

4   damages from Defendant in an amount to be proven at trial.

5           WHEREFORE, Plaintiffs pray for judgment as set forth below.

6                                            COUNT IX

7                   (Negligent Interference With Prospective Economic Advantage)

8   77.    Plaintiffs adopt and incorporate by reference the allegations contained in Paragraphs 1

9   through 76 of this Complaint as though fully set forth herein.

10  78.    Since establishing its business and commencing distribution of video and audio

11  content in 2005, Plaintiffs have gained and maintained valuable economic relationships with both

12  consumers of its content and businesses who advertise on, or in connection with, Plaintiffs' programs.

13  79.    Twitter was, or reasonably should have been, aware of these economic relationships.

14  80.    By negligently expanding its platform and services to include distribution of video

15  content, Twitter has disrupted Plaintiffs' relationships with both consumers and advertisers alike.

16  81.    The foreseeable and proximate result of Twitter's conduct has been damages to

17  Plaintiff in an amount according to proof but in excess of the jurisdictional limits of this Court.

18  82.    Twitter's expanded use of the TWITTER trademark has caused, and will continue to

19  cause irreparable and continuing harm to Plaintiffs if not enjoined, for which Plaintiffs have no

20  adequate remedy at law.

21          WHEREFORE, Plaintiffs pray for judgment as set forth below.

22                                           COUNT X

23              (Trademark Infringement - Violation of Lanham Act, Section 32(1)(a))

24  83.    Plaintiffs adopt and incorporate by reference the allegations contained in Paragraphs 1

25  through 82 of this Complaint as though fully set forth herein.

26  84.    Twitter's expanded use of the TWITTER mark constitutes acts in violation of 15

27  U.S.C. §1114(1)(a), in that the expansion of use is likely to cause confusion, mistake, and deception

28

COMPLAINT FOR BREACH OF WRITTEN CONTRACT, BREACH OF ORAL AGREEMENT, BREACH OF
IMPLIED CONTRACT, PROMISSORY ESTOPPEL, etc.; DEMAND FOR JURY TRIAL

1  to the general public, including consumers who download or stream video and audio content as well

2  as businesses that purchase advertising on, or in connection with, this expanded usage.

3       85.    As a proximate result of Twitter's conduct, TWiT and Laporte have suffered great

4  detriment to their business, goodwill, reputation and profits, all to their damage in an amount

5  according to proof, but in excess of the jurisdictional limits of this Court.

6       86.    Plaintiffs are informed and believe and based thereon allege that as a proximate result

7  of Twitter's conduct, Twitter has wrongfully obtained profits in an amount according to proof, but in

8  excess of the jurisdictional limits of this Court.

9       87.    This is an exceptional case, and Plaintiffs are entitled to recover three times their

10  damages plus reasonable attorney fees under Section 35 of the Lanham Act (15 U.S.C. §1117.)

11       88.    Twitter's use of a confusingly similar service mark has caused, and if not enjoined,

12  will continue to cause irreparable and continuing harm to Plaintiffs for which Plaintiffs have no

13  adequate remedy at law.  Moreover, if not enjoined, such wrongful use will continue to cause

14  confusion, mistake, and deception to the public including, without limitation, consumers who

15  download or stream video and audio content and businesses that purchase advertising on, or in

16  connection with, such wrongful use.

17       WHEREFORE, Plaintiffs pray for judgment as set forth below.

18                          <u>COUNT XI</u>

19           (Unfair Competition - Violation of Lanham Act, Section 43(a))

20       89.    Plaintiffs adopt and incorporate by reference the allegations contained in Paragraphs 1

21  through 88 of this Complaint as though fully set forth herein.

22       90.    Defendant's use of the TWITTER service mark constitutes acts in violation of 15

23  U.S.C. §1125(a), in that such use is likely to cause confusion, mistake, and deception to the public,

24  including, without limitation, consumers who download or stream video and audio content and

25  businesses that purchase advertising on, or in connection with, such wrongful use.

26       91.    As a proximate result of Twitter's acts, Plaintiffs have suffered great detriment to their

27  business, goodwill, reputation and profits, all to their damage in an amount according to proof, but in

28  excess of the jurisdictional limits of this Court.

13

COMPLAINT FOR BREACH OF WRITTEN CONTRACT, BREACH OF ORAL AGREEMENT, BREACH OF
IMPLIED CONTRACT, PROMISSORY ESTOPPEL, etc.; DEMAND FOR JURY TRIAL

92.     Plaintiffs are informed and believe and based thereon allege that as a proximate result of Defendant's conduct, Twitter has wrongfully obtained profits in an amount according to proof but in excess of the jurisdictional limits of this Court.

93.     This is an exceptional case, and Plaintiffs are entitled to recover three times their damages plus reasonable attorney fees under Section 35 of the Lanham Act (15 U.S.C. §1117.)

94.     Twitter's expanded use of a confusingly similar trademark has caused and will continue to cause irreparable and continuing harm to Plaintiffs if not enjoined, for which Plaintiffs have no adequate remedy at law.  Moreover, if not enjoined, such wrongful expanded use will continue to cause confusion, mistake, and deception to the public, including, without limitation, consumers who download or stream video and audio content and businesses that purchase advertising on, or in connection with, such wrongful use.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT XII

### (Violation of Common Law Trademark Rights)

95.     Plaintiffs adopt and incorporate by reference the allegations contained in Paragraphs 1 through 94 of this Complaint as though fully set forth herein.

96.     The conduct of Twitter constitutes acts in violation of Plaintiffs' common law rights in the TWIT mark, and is likely to cause confusion, mistake and deception to the public as to the identity and origin of Twitter's products and services, causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

97.     As a proximate result of Twitter's acts, Plaintiffs have suffered great detriment to their business, goodwill, reputation and profits, all to their damage in an amount according to proof but in excess of the jurisdictional limits of this Court.

98.     As a proximate result of Twitter's wrongful conduct, Plaintiffs are informed and believe and thereon allege that Twitter has wrongfully obtained profits in an amount according to proof but in excess of jurisdictional limits of this Court.

99.     Twitter's expanded use of a confusingly similar trademark has caused and will continue to cause irreparable and continuing harm to Plaintiffs if not enjoined, for which Plaintiffs

1  have no adequate remedy at law.  Moreover, such expanded use has caused, and if not enjoined, will

2  continue to cause confusion, mistake, and deception to consumers who download or stream video and

3  audio content, as well as to businesses that purchase advertising on, or in connection with, such

4  wrongful expanded use.

5       WHEREFORE, Plaintiffs, and each of them, pray for judgment in their favor and against

6  Defendant as follows:

7       <u>PRAYER FOR RELIEF</u>

8       1.    For a preliminary and permanent injunction ordering defendant Twitter, its agents,

9  servants, employees, officers, directors, attorneys, successors, and assigns, and all those persons in

10  active concert or participation with each or any of them, enjoined from directly or indirectly using

11  TWITTER, or any other mark confusingly similar to TWITTER, in connection with the distribution

12  of  audio or video content;

13       2.    For an order that defendant Twitter, its agents, servants, employees, officers, directors,

14  attorneys, successors, and assigns, and all those persons in active concert or participation with each or

15  any of them, specifically perform the agreement made between Plaintiffs and defendant Twitter;

16       3.    For a Declaration that defendant Twitter be required to file with the Court and serve

17  on Plaintiffs, within thirty (30) days after entry of the provisional remedies, a report in writing and

18  under oath setting forth in detail the manner and form in which defendant Twitter has complied with

19  the injunction and order of specific performance;

20       4.    For damages according to proof but in excess of the jurisdictional limits of this Court

21  pursuant to 15 U.S.C. § 1117;

22       5.    For any and all profits derived from the unlawful acts complained of herein including,

23  but not limited to, wrongful profits;

24       6.    For treble damages pursuant to 15 U.S.C. §1117;

25       7.    For a declaration that this is an exceptional case pursuant to 15 U.S.C. § 1117, and for

26  Plaintiffs full costs and reasonable attorney fees thereunder;

27       8.    For any and all other remedies to which Plaintiffs may be entitled as provided for in

28  15 U.S.C. §§1116 and 1117;

COMPLAINT FOR BREACH OF WRITTEN CONTRACT, BREACH OF ORAL AGREEMENT, BREACH OF
IMPLIED CONTRACT, PROMISSORY ESTOPPEL, etc.; DEMAND FOR JURY TRIAL

1    9.      For a declaration and order of the Court that defendant Twitter be required to pay to

2    Plaintiffs such damages as Plaintiffs has sustained as a result of defendant Twitter's expanded use of

3    TWITTER, and to account for and pay to Plaintiffs all gains, profits and advantages derived by

4    defendant Twitter from such expanded use of TWITTER;

5    10.     For a declaration and judgment of the court that a constructive trust be impressed on

6    all wrongful profits, gains, advantages and other unjust enrichment arising from defendant Twitter's

7    distribution of audio and video content under the TWITTER brand, and that Plaintiffs be named the

8    beneficiary of that trust, and that defendant Twitter holds the trust assets as trustee for the benefit of

9    Plaintiffs;

10   11.     For Plaintiffs' costs of suit;

11   12.     For Plaintiffs' reasonable attorney fees;

12   13.     For punitive damages according to proof;

13   14.     For prejudgment and post-judgment interest;

14   15.     For exemplary damages; and

15   16.     For such additional and further relief as the Court deems just and proper.

16   **<u>JURY TRIAL DEMANDED</u>**

17   Pursuant to Fed.R.Civ. Pro. 38(b) and 5(d), Plaintiff demands a jury trial on all issues triable

18   by jury.

19   Dated:  January 16, 2018                    SPAULDING, McCULLOUGH & TANSIL, LLP

20

21                                                     By____/S/ Karin P. Beam_____
                                                            Karin P. Beam
22                                                          Attorneys for Plaintiffs
                                                            TWiT, LLC and Leo Laporte
23

24

25

26

27

28

COMPLAINT FOR BREACH OF WRITTEN CONTRACT, BREACH OF ORAL AGREEMENT, BREACH OF
IMPLIED CONTRACT, PROMISSORY ESTOPPEL, etc.; DEMAND FOR JURY TRIAL