UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWIT, LLC, ET AL.,<br><br>        Plaintiffs,<br><br>    v.<br><br>TWITTER INC.,<br><br>        Defendant. | Case No.18-cv-00341-JSC<br><br>**ORDER RE: PLAINTIFFS' AMENDED ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 42 |

      Plaintiffs' motion to disqualify Durie Tangri, LLP as counsel for Defendant Twittter, Inc. was accompanied by an administrative motion to seal.  Plaintiffs sought to seal vast swaths of the motion, supporting declarations, and exhibits thereto based on the fact that they contain "private financial information regarding the prior representation and confidential information pertaining to TWiT's business affairs" as well as "attorney-client communications." (Dkt. No. 24-1)  At the May 24, 2018 hearing on the motion to disqualify, the Court denied Plaintiffs' motion to seal without prejudice to Plaintiff refiling a narrowly tailored administrative motion to seal which complies with Local Rule 79-5 and addresses the extent to which Plaintiffs had waived any claim of privilege.  The Court has reviewed Plaintiffs' amended administrative motion to seal and it is DENIED IN PART and GRANTED IN PART. (Dkt. No. 42.)

      Local Rule 79-5 permits sealing only where the parties have "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b).  The rule requires the parties to "narrowly tailor" their requests only to the sealable material. *Id*. at 79-5(d).  Here, Plaintiffs seek sealing of all aspects of their communications with Durie Tangri.  As the Court noted at the hearing, this is improper as the request for sealing is neither narrowly tailored, nor does it seek sealing of matters

1  that are truly privileged.  *See Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) ("The
2  [attorney-client]  privilege only protects disclosure of communications; it does not protect
3  disclosure of the underlying *facts* by those who communicated with the attorney.") (emphasis
4  added).  In the amended motion, Plaintiff have again sought sealing of nearly all of the same
5  information.  Plaintiffs' amended motion also fails to address the extent to which they waived any
6  assertion of privilege by disclosing the contents of these communications to a third-party: Twitter.
7  *See Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) ("An express waiver [of the attorney-
8  client privilege] occurs when a party discloses privileged information to a third party who is not
9  bound by the privilege, or otherwise shows disregard for the privilege by making the information
10  public.").

11  Accordingly, because Plaintiffs' motion fails to comply with Rule 79-5 and this Court's
12  Order with respect to any amended motion, the motion is DENIED as to the motion to disqualify
13  and the supporting declarations including the exhibits thereto except that it is GRANTED as to
14  exhibit B to the Declaration of Lisa Laporte given that the exhibit contains TWiT's financial
15  information.

16  Twitter also filed portions of its opposition, supporting declarations, and exhibits thereto
17  under seal because the information referenced therein had been designated as confidential by
18  Plaintiffs. (Dkt. No. 35.)  Plaintiffs, however, failed to file a declaration in support of sealing as
19  required by Local Rule 79-5(e).   Nonetheless, to avoid further motion practice on this matter, the
20  Court preemptively rules on any renewed motion to seal and DENIES sealing for the reasons
21  stated above.

22  This Order disposes of Docket Nos. 24, 35 & 42.

23  **IT IS SO ORDERED.**

24  Dated: June 1, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2